IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

NAEEM COPELAND,                    )
                                   )
              Plaintiff,           )
                                   )
       v.                          )    No.  12 C 6184
                                   )
COOK COUNTY JAIL.org, et al.,      )
                                   )
              Defendants.          )

                         MEMORANDUM ORDER

     Naeem Copeland ("Copeland"), who is in custody in Arizona for reasons unrelated to his current filing, has brought what he characterizes as a civil rights complaint under 42 U.S.C. §1983 ("Section 1983") against a group of defendants:  Cook County Jail ("Jail"), the Social Security Administration ("SSA") and what he characterizes as the Chicago Police Missing Person Unit, the Illinois State Trooper Missing Person Unit and the Moreno Valley Police Missing Unit.  That filing is coupled with a Motion for Appointment of Counsel ("Motion") and a printout of transactions in his trust fund account at the Maricopa County (Arizona) Sheriff's Office, certified by that office as of May 10, 2012 and covering a period beginning November 11, 2010.

     This is Copeland's second lawsuit that has been assigned to this Court's calendar.  Some idea as to the earlier lawsuit (12 C 177) may be garnered from this Court's January 17, 2012 memorandum order (the "Order," attached to this memorandum order as an exhibit), and it is scarcely surprising from what was said

in the Order that the earlier action did not survive.

Copeland certainly does no better this time, for once again he is suing not for deprivation of any constitutional right of his own, but rather because his mother is assertedly missing and the putative defendants have not acted to find her. Moreover, there are a host of other problems with the present Complaint--for example, the Jail is not a suable entity, the same is true of the several "missing persons units," and he cannot sue the SSA--an agency of the federal government--because of sovereign immunity. There is more, but what is plain is that he cannot pass the dual requirement of financial inability and a nonfrivolous claim established by such cases as Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

This Court gave Copeland a break the last time around by sparing him the obligation under 28 U.S.C. §1915 to pay the $350 filing fee in installments, instead appointing a member of this District Court's trial bar to assist him despite the dismissal of Case No. 12 C 177. Nothing about his current Complaint entitles him to such consideration, and the Motion is accordingly denied. As for the filing fee, the printout from Arizona shows that he already owes the United States two fees of $350 each, with just a $0.19 balance in his trust fund account, so this Court will not add to his financial burden in that respect (another break for him).

All of that said, both the Complaint and this action are dismissed as frivolous in the legal sense. This Court trusts that Copeland will not be heard from again on the subject.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 13, 2012

IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

NAEEM COPELAND, on my own        )
behalf, etc.,                    )
                                 )
              Plaintiff,         )
                                 )
     v.                          )     No.  12 C 177
                                 )
ILLINOIS TROOPER missing unit,   )
etc., et al.,                    )
                                 )
              Defendants.        )

                         MEMORANDUM ORDER

    This Court has just had assigned to its calendar a newly-filed 42 U.S.C. §1983 ("Section 1983") Complaint, prepared on the Clerk's-Office-provided printed form, with handwritten inserts by plaintiff Naeem Copeland ("Copeland"). Although the case caption is less than clear in what it conveys, it is at least readable. Copeland sues "on my own behalf and on behalf of a class of all Copeland and Moore family members," while defendants are listed as "Illinois Trooper-missing unit, Chicago Police Department missing persons unit and Social Security.gov.south side div-offices."

    But when it comes to Copeland's text, this Court finds it both unreadable in part and, as to what he claims to be constitutional deprivations actionable under Section 1983, unintelligible.[1] To the extent that this Court can penetrate

---

[1] What is clear is that units of the federal government are, by definition, not "state actors" suable under Section 1983. So whatever Copeland's grievances against the Social Security

what Copeland has said, it seems that his mother is missing (and has been for several years) and that he is unhappy with the inability of "Illinois Trooper" (whoever that may be) and of the Chicago Police Department (not a legal entity, and hence not suable as such) to help him in his search.

To complicate matters even further, Copeland is in custody in Phoenix, Arizona, so that 28 U.S.C. §1915 requires him to pay the $350 filing fee in installments if he cannot do so in advance. In that respect Copeland has submitted an In Forma Pauperis Application ("Application"), but without the printout covering transactions in his trust fund account at the custodial institution as required by 28 U.S.C. §1915(a)(2). Moreover, both Copeland's custodial status and his distant location render much more difficult the provision of legal services by pro bono counsel, members of this District Court's trial bar who are obligated to render services to pro se prisoners (in-person consultation is obviously unavailable).

This Court is loath to impose a $350 filing fee burden on Copeland without any sense of whether he has even a colorable claim.[2] Because Copeland has also submitted a Motion for

---

Administration may be, they cannot be asserted in this lawsuit.

[2] True enough, both Complaint ¶I and some Complaint exhibits refer to three lawsuits that Copeland has brought last year in the United States District Court for the District of Arizona, so he is already familiar with the requirements of 28 U.S.C. §1915. This Court nevertheless finds that the procedure

2

Appointment of Counsel ("Motion"), however, this Court will pursue the following unusual course here:

   1. To spare Copeland (at least for now) another $350 obligation to pay a filing fee, this action is dismissed without prejudice.

   2. Despite such dismissal, this Court has obtained the name of this member of the trial bar to assist Copeland in the possible assertion of an arguably viable claim:

   > William Michael LeCrone, Esq.
   > Charysh & Schroeder, Ltd.
   > 33 North Dearborn Street, Suite 1300
   > Chicago IL 60602

   Counsel is respectfully requested to communicate with Copeland in an effort to make some sense out of what he has submitted and, if successful, to seek to file a new action accompanied by an Affidavit and the required trust fund printout.

If counsel is unsuccessful in that effort, he is further requested to file a statement to that effect (in that instance, under the rubric of this Case No. 12 C 177).

_____
Milton I. Shadur
Senior United States District Judge

Date:  January 17, 2012

---

next stated in the text is most reasonable.